**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GEORGE PRICE, 891098,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-1018-M** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his conviction for murder.  *State of Texas v. George Price*, No. F-

99-00809-SQ (204th Dist. Ct., Dallas County, Tex., Aug. 2, 1999).  Petitioner was sentenced to

life in prison.  On July 5, 2000, the Fifth District Court of Appeals affirmed the conviction and

sentence.  *Price v. State*, No. 05-99-01268-CR, 2000 WL 876374 (Tex. App. – Dallas 2000, no

pet.).  Petitioner did not file a petition for discretionary review ("PDR").

On May 14, 2008, Petitioner filed a state application for writ of habeas corpus.  *Ex parte

Price*, No.73,824-01.  On March 30, 2011, the Texas Court of Criminal Appeals denied the

application without written order on the findings of the trial court.

On March 30, 2012, Petitioner filed this federal petition.  He argues:

(1)      The evidence was insufficient to support the conviction;

(2)      His confrontation rights were violated;

(3)      He is actually innocent;

(4)      His due process rights were violated when the prosecutor knowingly elicited
         perjured testimony;

(5)      His due process rights were violated because the state habeas fact-finding
         procedure was inadequate;

(6)      The cumulative effect of the preceding errors deprived him of a fair trial.

On July 11, 2012, Respondent filed his answer arguing, *inter alia*, that the petition is time-barred.  Petitioner did not file a reply.  The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

In this case, Petitioner's claims one through four, and claim six, were known to Petitioner at the

time his conviction became final.  The Court will therefore analyze these claims under §

2244(d)(1)(A).

On July 5, 2000, the Fifth District Court of Appeals affirmed Petitioner's conviction and

sentence.  Petitioner did not file a PDR.  His conviction therefore became final thirty days later,

on August 4, 2000.  *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of

appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319

F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when

time for seeking further direct review expires, regardless of when mandate issues).  Petitioner

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by
> the conclusion of direct review or the expiration of the
> time for seeking direct review;
>
> (B)     the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C)     the date on which the constitutional right
> asserted was initially recognized by the Supreme Court,
> if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on
> collateral review; or
>
> (D)     the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

then had one year, or until August 4, 2001, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On May 14, 2008, Petitioner filed a state petition for writ of habeas corpus.  This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition by August 4, 2001.  He did not file his petition until March 30, 2012.  His petition is therefore untimely.

## B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.  His claims one through four, and claim six, are therefore barred by the statute of limitations.

**C.      Exhaustion**

In claim five, Petitioner argues the state habeas procedures were inadequate.  Respondent states this claim is unexhausted.

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b).  This entails submitting the factual and legal basis of any claim to the highest available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Petitioner has failed to present this claim to the state courts.  His claim is therefore unexhausted and should be dismissed without prejudice.

**RECOMMENDATION**:

The Court recommends that: (1) Petitioner's claim that the state habeas procedures were inadequate should be dismissed without prejudice as unexhausted; (2) Petitioner's remaining claims should be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 10th day of May, 2013.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).